OPINION. Black, Judge: In these proceedings we have but one issue to decide: During the period from August 1,1945, to J uly 31,1947, did petitioners Edward C. James, L. L. Gerdes and Harry P. Wayman, Jr., operate the business of Consolidated Venetian Blind Co. as a partnership within the meaning of section 3797 of the Internal Revenue Code?[2] A partnership is generally defined as a joining together the money, goods, labor, or skill of two or more persons for the purpose of carrying on a business and sharing in the profits or losses or both. Commissioner v. Tower, 327 U. S. 280; Ward v. Thompson, 22 How. 330, 166 L. Ed. 249. Although these proceedings do not involve an intrafamily agreement as in Commissioner v. Culbertson, 337 U. S. 733, the general test to be applied in determining the validity of an alleged partnership within the meaning of the Revenue Code is set out in that case wherein the Court said: The question is not whether the services or capital contributed by a partner are of sufficient importance to meet some objective standard supposedly established by the Tower case, but whether, considering all the facts — the agreement, the conduct of the parties in execution of its provisions, their statements, the testimony of disinterested persons, the relationship of the parties, their respective abilities and capital contributions, the actual control of income and the purposes for which it is used, and any other facts throwing light on their true intent — the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise. * * * We think that petitioners James, Gerdes, and Wayman were not partners during the period from August 1, 1945, to July 31, 1947. The agreement and the conduct of the parties in the instant proceedings are much like the following situation described in Story on Partnership, 7th Edition, section 18: * * * If the contract be for the sole and exclusive benefit of one party, It is not properly a ease of partnership, but must fall under some other denomination, such as a mandate. Hence, if, in a pretended contract of partnership, it should be agreed that one of the parties should take all the profit, without the others having any share thereof, it would be a mere nullity, and constitute no partnership. The Roman jurists branded such a contract with the odious epithet of Soeietas Leonina, in allusion to the fable of the lion, who, having entered into a partnership with the other wild beasts for hunting, appropriated the whole prey to himself. * * * The one-sidedness of the arrangement in the instant proceeding is evidenced by some of the following factors, none of which alone perhaps would be sufficient to find that petitioners were not partners, but all of which together requires us, we think, to find that petitioners were not partners. James was the controlling head of the business; he agreed to indemnify Gerdes and Wayman for all losses occasioned by the agreement. James as controlling stockholder of the corporation could have, without further responsibility to Gerdes and Way-man, cancelled the agreement between the corporation and Consolidated Venetian Blind Co. and thus terminated the “partnership.” The net assets of the sales organization consisted mostly of good will, services rendered, and lists of customers. In the agreement of August 1, 1945, James purported to sell both Gerdes and Wayman a one-third interest in that business for the sum of $100,000 each and upon which two-thirds interest James claimed as his basis $1,000. For their respective one-third interest Gerdes and Wayman paid $100 in cash to James and each signed a note in the amount of $99,900 payable to James. Each of the petitioners was to be entitled to one-third of the profits of the business. Unless earlier terminated, the business was to be conducted for a period of 5 years. The agreement provided that Wayman’s and Gerdes’ one-third share of Consolidated Venetian Blind Co.’s earnings should be applied against their indebtedness to James, less such sums as may be necessary to pay their individual Federal income taxes occasioned by their share of these earnings. James amended the original agreement to allow Gerdes and Wayman the privilege of withdrawing cash in an amount not to exceed $1,000 for the first year and $2,000 for the next 4 years. In 1947, when the alleged partnership was terminated by agreement of petitioners, Gerdes and Wayman released their one-third interests to James for nothing more than the cancellation of their indebtedness to James. At that time a one-third interest in Consolidated Venetian Blind Co. would seem to have been under the evi-denee worth fully as much as it was on August 1, 1945, and the earnings and profits of the business were expected to, and did, increase in the subsequent years. Both Gerdes and Wayman had paid James approximately $40,000 of the $100,000 agreed on for a one-third interest in Consolidated Venetian Blind Co., and yet they relinquished their interests for the mere cancellation of the balance due on their notes to James. None of the $40,000 which each had paid in the manner detailed in our findings of fact was returned to them. Considering the agreement and the operation of the business and the cancellation of the agreement without attending benefit to Gerdes’-. and Wayman, we cannot find that during the period from August. 1,1945, to July 31,1947, petitioners were partners. In our view, there was not a valid partnership within the meaning of the Internal Revenue Code and the entire income of Consolidated Venetian Blind Co-is taxable to James on a community property basis. In his determinations of the net incomes of Edward C. James and Evelyn James- respondent has allowed as a business expense the-amounts actually paid to Gerdes and Wayman. These allowed deductions will remain undisturbed in a computation under Rule 50. Respondent concedes that if, as we have found, no partnership was-in existence the income from Consolidated Venetian Blind Co. can-, not be taxed to petitioners Wayman and Gerdes as respondent determined in the deficiency notices. Decisions will be entered wnder Rule 50.. SEC. 3797. DEFINITIONS. (a) When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof— [[Image here]] (2) Partnership and Partner. — The term “partnership” includes a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a trust or estate or a corporation ; and the term “partner” Includes a member in such a syndicate, group, pool, joint venture, or organization.